IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID GEE, :
    Plaintiff :
:
vs.                                    CIVIL NO. 1:CV-10-1987
:
THE YORK COUNTY COURT OF :
COMMON PLEAS, JUVENILE DIVISION,
et al., :
    Defendants

*M E M O R A N D U M*

I. *Introduction*

      The pro se plaintiff, David Gee, has filed a complaint under 42 U.S.C. § 1983. He names as defendants Michael E. Bortner, a judge on the Court of Common Pleas of York County; York County Children and Youth Services; and Jennifer Smeltzer, a supervisor for Children and Youth Services.

      In state-court proceedings, Judge Bortner terminated Plaintiff's parental rights to his daughter. In this action, Plaintiff challenges the Pennsylvania law dealing with the termination of parental rights, 23 Pa. Con. Stat. Ann. § 2511 (West 2010), asserting that it is unconstitutional because: (1) it fails to require a showing of a high and substantial degree of harm to the child before parental rights are terminated; (2) Plaintiff's rights were terminated by the use of an improperly low evidentiary standard, the preponderance of the evidence;[1] and (3) the criteria for termination are too broad, allowing ad hoc decisions on the termination of parental rights. Plaintiff challenges the

---

[1] It appears, however, that the state court used a clear-and-convincing standard to review the evidence.

law on its face and as applied. (Doc. 1, 8 and 11). Plaintiff alleges: "I was deprived of substantial (sic) due process by the failure of state authorities to show 'a high and substantial degree of harm' to the child and that I was denied procedural due process when a standard evidence relied upon is not supported by the record." (Doc. 1, CM/ECF pp. 3-4).[2] He seeks a declaratory judgment that the statute is unconstitutional, not any direct relief against the trial court's order.[3]

Plaintiff has also filed a motion to proceed in forma pauperis. We will grant that request but dismiss this action because we lack jurisdiction over the as-applied challenge under the *Rooker-Feldman* doctrine, and we lack jurisdiction over the facial challenge because Plaintiff lacks standing to pursue it.[4]

II.     *Discussion*

    *A. Plaintiff's As-Applied Challenge to the Statute Is Barred by the* Rooker-Feldman *Doctrine*

As the Supreme Court recognized in the *Rooker* and *Feldman* cases,[5] federal district courts do not generally have the authority to conduct appellate review of

---

[2] The page number refers to the page number assigned by the Case Management/Electronic Case Files (CM/ECF) system.

[3] Plaintiff had filed a previous lawsuit challenging the order, including appellate orders denying him relief. We dismissed that suit for lack of jurisdiction under the *Rooker-Feldman* doctrine. *See Gee v. York County Children and Youth Services*, No. 10-0710 (M.D. Pa. June 9, 2010).

[4] Federal courts have an independent obligation to determine they have subject-matter jurisdiction. *Rice v. Allstate Fire & Cas. Ins. Co.*, No. 08-1706, 2009 WL 302175, at *2 (M.D. Pa. Feb. 5, 2009).

[5] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Hence the *Rooker-Feldman* doctrine.

2

state-court judgments. *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). To determine if a particular case is an attempt at such review, the following four factors must be present:

> (1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments.

615 F.3d at 166 (quoted case omitted). The first and the third factors are the easiest to determine and are satisfied here. Plaintiff Gee lost in state court, and the state court order was entered before he filed this federal suit. As the Third Circuit observed in *Great W. Mining & Mineral Co.*, "[t]he second and fourth requirements are the key [ones] to determining whether a federal suit presents an independent, non-barred claim." *Id.* at 166, 168. These requirements are "closely related" but "a federal plaintiff who was injured by a state-court judgment is not invariably seeking review and rejection of that judgment." *Id.* at 168.

Both of these requirements are satisfied as well. By alleging that his relationship with his daughter was terminated by the use of unconstitutional standards, Plaintiff complains of an injury caused by the state-court judgment.[6] Additionally, his as-applied challenge invites review and rejection of that judgment in light of the nature of an as-applied challenge. An as-applied challenge "does not contend that a law is unconstitutional as written but that its application to a particular person under particular circumstances deprived that person of a constitutional right." *United States v. Marcavage*, 609 F.3d 264, 273 (3d Cir. 2010). *See also McKithen v. Brown*, _ F.3d _, _

---

[6] Plaintiff does allege that state authorities failed to show a high and substantial degree of harm, but this is a reference to the standard the court employed, not to an independent source of injury.

3

, 2010 WL 4671527, at *9 (2d Cir. 2010)("by bringing an as-applied challenge, McKithen is asking the federal district court to review the validity of the state court judgment").

We will therefore dismiss Plaintiff's as-applied challenge for lack of jurisdiction under the *Rooker-Feldman* doctrine.

    B.    *Plaintiff Lacks Standing to Bring a Facial Challenge to the Statute*

Federal courts only have jurisdiction to adjudicate "cases" and "controversies." *Lozano v. City of Hazleton*, 620 F.3d 170, 183 (3d Cir. 2010)(citing U.S. Const. Art. III, § 2). "The judicial power . . . is therefore not 'an unconditioned authority to determine the constitutionality of legislative or executive acts.'" *Id.* (quoted case omitted). Rather, "the rights of individuals" must be involved. *Id.* (internal quotation marks and quoted case omitted). A plaintiff satisfies this requirement by showing, in part, that he "suffered an injury in fact - an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992))(omitting *Lujan*'s internal citations and quotation marks).[7]

Plaintiff lacks standing to challenge the statute because he has no actual or imminent injury. The past injury of the state-court order is not enough, and Plaintiff does not allege any real threat of again being subjected to a state hearing that would terminate his parental rights. *See Davis v. Thornburgh*, 903 F.2d 212, 220-21 (3d Cir. 1990) (plaintiff lacked standing to challenge procedures under the Pennsylvania Adoption Act when she was not challenging termination of her parental rights so that "she had nothing

---

[7] The other requirements are "a causal connection between the injury and the conduct complained of" and that "the injury will be redressed by a favorable decision." *Lozano*, 620 F.3d at 183.

4

to gain . . . by establishing that the procedures she [was] challeng[ing] were invalid"); *Mosby v. Ligon*, 418 F.3d 927, 933 (8th Cir. 2005)(the plaintiff lawyer lacked standing to make a facial constitutional challenge to bar disciplinary rules when the record did not show any threat of future disciplinary proceedings, and plaintiff's challenge to her past disciplinary proceeding was barred by the *Rooker-Feldman* doctrine).

        We will therefore issue an order dismissing this case for lack of jurisdiction.

                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge

Date: November 30, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID GEE, :
    Plaintiff :
:
    vs.                                CIVIL NO. 1:CV-10-1987
:
THE YORK COUNTY COURT OF :
COMMON PLEAS, JUVENILE DIVISION,
et al., :
    Defendants

*O R D E R*

AND NOW, this 30th day of November, 2010, it is ordered that:

    1. Plaintiff's motion (doc. 5) to proceed in forma pauperis is granted.

    2. Plaintiff's complaint (doc. 1) is dismissed for lack of jurisdiction.

    3. The Clerk of Court shall close this file.

                                     /s/William W. Caldwell
                                      William W. Caldwell
                                      United States District Judge