IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID GEE,  :
    Plaintiff  :
           :
    vs.  CIVIL NO. 1:CV-10-1987
           :
THE YORK COUNTY COURT OF  :
COMMON PLEAS, JUVENILE DIVISION,
et al.,  :
    Defendants

*M E M O R A N D U M*

*I. Introduction*

    The pro se plaintiff, David Gee, has filed a motion under Fed. R. Civ. P. 59(e) to alter or amend our order of November 30, 2010, dismissing his complaint for lack of jurisdiction.

    Gee's parental rights to his daughter were terminated in Pennsylvania state-court proceedings. He filed this action challenging the Pennsylvania law dealing with the termination of parental rights, 23 Pa. Con. Stat. Ann. § 2511 (West 2010), as unconstitutional both as applied and on its face. He did not directly challenge the termination order. We decided that the *Rooker-Feldman* doctrine deprived us of jurisdiction over the as-applied challenge and that Plaintiff had no standing to assert the facial challenge. *See Gee v. York County Court of Common Pleas*, 2010 WL 4942144 (M.D. Pa. Nov. 30, 2010).[1]

---

[1] Plaintiff had filed a previous lawsuit challenging the termination order itself, including appellate orders denying him relief. We dismissed that suit in part for lack of jurisdiction under the *Rooker-Feldman* doctrine. *See Gee v. York County Children and Youth*

*II. Discussion*

In pertinent part, Gee asserts that we erred in deciding that the *Rooker-Feldman* doctrine precluded our jurisdiction over his as-applied challenge to the Pennsylvania statute. In support, he cites, among other cases, *Alsager v. District Court of Polk County*, 518 F.2d 1160 (8th Cir. 1975), *P.J. ex rel. Jensen v. Wagner*, 603 F.3d 1182 (10th Cir. 2010), and *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1237 (10th Cir. 2006).[2] We disagree with Plaintiff that any of these cases supports our jurisdiction here.

*Alsager* appears to be strong support for Plaintiff's position. In that case, the plaintiffs' parental rights had been terminated in an Iowa state court and upheld on appeal in the Iowa Supreme Court. The plaintiffs later filed suit in federal district court, not requesting that the state-court order be vacated but only a declaratory judgement that the proceedings leading to the order were unconstitutional because decided under an unconstitutional statute. 518 F.2d at 1162, 1164. The district court declined to grant declaratory relief on the basis that such relief would be "inadequate and ineffective", *id.* at 1163, presumably because it could not order a permanent disposition of the children. *Id.* at 1165. The Eighth Circuit disagreed, ruling that a declaratory judgment would be helpful as it would resolve the claims presented in the case and clarify and settle the legal relations at issue. *Id.* The court of appeals also said:

> Likewise, the mere fact that declaratory relief does not provide a coercive remedy is no reason to conclude that it will be ineffective. We must and do assume that the defendant state and county authorities would give full credence to a

---

*Services,* No. 10-0710 (M.D. Pa. June 9, 2010).

[2] Plaintiff has also cited *Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007). We fail to see how this case assists Plaintiff as it ruled that *Rooker-Feldman* divested the district court of jurisdiction.

2

> finding that the challenged Iowa statute or the proceedings
> thereunder were unconstitutional and would act accordingly.

*Id.* at 1165. In response to the district court's fear that it was being asked to substitute its judgment on the plaintiffs' fitness as parents for that of the state court, the Eighth Circuit said that the plaintiffs were not attacking the order itself but the standard used in issuing the order as constitutionally defective. *Id.* The court added:

> The mere fact that the state court found that the Alsagers
> were unfit to be parents under the Iowa standard does not
> oust the federal district court of subject-matter jurisdiction to
> adjudicate those facts necessary to resolve the claim that that
> state standard is unconstitutional as written and as applied.

*Id.*

*Alsager* would thus appear to support our exercise of jurisdiction here as Gee essentially is in the same position as the plaintiffs in there. However, *Alsager* was decided in 1975, before the Supreme Court's 1983 decision in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), the case that makes up one half of the *Rooker-Feldman* doctrine.[3] We do not believe that the Eighth Circuit would look past the jurisdictional issue now. *See Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2002)(*Rooker-Feldman* doctrine divests a district court of jurisdiction over a claim that state-court proceedings awarding custody to a child's maternal grandparents violated the plaintiff father's federal constitutional right of parental association because the relief sought would effectively overrule the state-court order).

The other two cases Plaintiff cites are distinguishable. In *Jensen*, the court held that *Rooker-Feldman* did not apply to the plaintiffs' procedural and substantive due process claims, but it did so because the claims were independent of any state-court

---

[3] The other one is *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

3

judgment. 603 F.3d at 1193-94. In *Mo's Express*, 441 F.3d at 1237-38, the court allowed the plaintiffs, common carriers engaged in ongoing businesses, to pursue federal claims for prospective injunctive and declaratory relief because such relief would not disrupt the previous state-court judgment, which imposed fines for failing to obtain certificates to operate under state law. On the other hand, Plaintiff's as-applied challenge here is one to the validity of the state-court judgment.

We turn now to Plaintiff's facial challenge to the statute and our determination that Plaintiff has no standing to assert such a challenge because his only injury is a past injury. *Alsager* does not assist him on this aspect of our memorandum because we followed *Davis v. Thornburgh*, 903 F.2d 212, 220-21 (3d Cir. 1990), on the standing issue.[4] Neither does *Mo's Express* assist him as in that case the plaintiffs were ongoing businesses and easily satisfied standing for prospective relief against having to obtain a certificate of public convenience under state law.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: January 26, 2011

---

[4] We note that in *Davis* the Third Circuit distinguished *Alsager*. 903 F.3d at 221 n.17.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID GEE, :
    Plaintiff :
:
    vs.                                           CIVIL NO. 1:CV-10-1987
:
THE YORK COUNTY COURT OF :
COMMON PLEAS, JUVENILE DIVISION,
et al., :
    Defendants

*O R D E R*

AND NOW, this 26th day of January 2011, it is ordered that Plaintiff's motion (doc. 15) to alter or amend our order of November 30, 2010, is denied.

                                                /s/William W. Caldwell
                                                William W. Caldwell
                                                United States District Judge